## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**BOBBIE STRICKLIN**                                                          **PLAINTIFF**

**V.**                                        **NO: 5:06CV00024**

**J.C. PENNEY, INC.**                                                          **DEFENDANT**

### ORDER

Pending is Defendant's motion for summary judgment.  (Docket # 9).  Plaintiff has

responded.  For the reasons set forth herein, Defendant's motion is DENIED.

On December 31, 2002, Plaintiff, Bobbie Stricklin, was shopping at the J.C. Penney store

located in Pine Bluff, Arkansas.  Plaintiff was shopping in the Shoe Department when she

tripped over a stack of shoe boxes.  Plaintiff filed suit on February 6, 2006 alleging that boxes of

shoes and boots were piled on top of one another in an area that was to be used for business

invitees to shop and the boxes took up space where shoppers had to walk in order to look at the

shoes.  Plaintiff alleges that she tripped over a box that was in the middle of the aisle.  Plaintiff

filed suit alleging negligence.  Defendant has denied any wrongdoing.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact because
> they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

A premises owner has a duty to an invitee to use ordinary care to maintain the premises in a reasonably safe condition. No such duty exists, however, if the condition of the premises that creates the danger was known by or obvious to the invitee, unless the premises owner should reasonably anticipate that the invitee would be exposed to the danger despite his knowledge of it or its obvious nature. AMI 1104, *Autozone v. Horton,* 87 Ark.App. 349, 354, 192 S.W.3d 291, 295 (2004).

The Court has reviewed the pleadings, affidavits and exhibits filed and finds that genuine issues of material fact exist as to whether Defendant exercised reasonable care in maintaining its premises in a reasonably safe condition, whether the shoe boxes over which Plaintiff tripped were negligently placed or negligently left in the middle of the shopping aisles and whether Defendant knew of the presence of the boxes and failed to use ordinary care to remove them.

For these reasons, Defendant's motion, docket # 9, is DENIED.

IT IS SO ORDERED this 6th day of February, 2007.

James M. Moody
United States District Judge